**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TIANQIANG HUANG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-227-SLP** |
| | ) | |
| **PAMELA JO BONDI, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>ORDER</u>**

Before the Court is Respondents' Motion to File Exhibit Under Seal.  (Doc. 9). After reviewing the motion and relevant authority, the undersigned concludes responsive briefing would not materially assist the undersigned in resolving this motion.  For the reasons set forth below, the undersigned **GRANTS** the motion.

Respondents seek "an Order sealing Exhibit 1, Decision and Orders of the Immigration Judge dated December 13, 2024[,] of the Respondent's answer to the Petitioner's Petition for Writ of Habeas Corpus." (*Id.* at 1).  Respondents state that they seek to file this exhibit under seal because "[t]his exhibit contains personal and sensitive information of the Petitioner." (*Id.*)

"Courts have long recognized a common-law right of access to judicial records. This right, however, is not absolute." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal citations omitted).  "The 'presumption of access [to court filings] can be

rebutted if countervailing interests heavily outweigh the public interests in access.'" *Id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The Western District of Oklahoma's Local Rules specifically address motions to file a document under seal:

> Leave of court is required to file a document or a portion of a document under seal, which shall be requested by filing a motion and submitting a proposed order granting the relief. The motion requesting leave should not ordinarily be filed under seal and therefore should state only in a general way the reason for the request (i.e., the document contains privileged, sensitive, or personal information).

LCvR 5.2.2; *see also ECF Policies & Procedures Manual*, § II.H.1 (same).

Here, Respondents have complied with the local rules, including by stating, "only in a general way[,] the reason for the[ir] request." LCvR 5.2.2. Their references to "personal and sensitive information" in the exhibit are grounds to seal that have been explicitly ratified by the text of the applicable Local Rule. (Doc. 9, at 1); LCvR 5.2.2. Therefore, Respondents have adequately shown that "countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (quoting *Rushford*, 846 F.2d at 253).

For the foregoing reasons, **IT IS ORDERED** that Respondents' Motion to File Exhibit Under Seal (Doc. 9) is **GRANTED**. Respondents are authorized to file Exhibit 1, Decision and Orders of the Immigration Judge dated December 13, 2024, of the Respondent's Response in Opposition to Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (Doc. 10), under seal.

2

3

**IT IS SO ORDERED** this 5th day of March, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE