# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIANQIANG HUANG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-227-SLP** |
| | ) | |
| **PAMELA JO BONDI, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Tianqiang Huang, a non-citizen proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1]  (Doc. 1).[2]  United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).  (Doc. 3).  In accordance with the briefing schedule, (Doc. 7), Respondents timely filed a response.[3]  (Doc. 10). Petitioner timely filed a reply.  (Doc. 13).  As fully set forth below, the undersigned recommends that the Court **GRANT** the Petition in part and order Respondents to provide

---

[1] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma.  (Doc. 1, at 1).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[3] The response was not filed on behalf of Respondent Scarlet Grant, Warden of the Cimarron Correctional Facility, because she is not a federal official.  (Doc. 10, at 8 n.1). The undersigned concludes that a separate response from Warden Grant is not necessary to resolve this matter.

Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if no hearing is held within that time.

## I.    Introduction to the Immigration and Nationality Act

The two sections of the Immigration and Nationality Act ("INA") at issue are 8 U.S.C. § 1225 and § 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  *Id.* § 1101(a)(13).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  In other words, the alien is subject to mandatory detention while he awaits removal proceedings.

On the other hand, Section 1226(a) authorizes detention of an alien "on a warrant issued by the Attorney General."  *Id.* § 1226(a) (citation modified).  An alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while he awaits removal proceedings.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, if Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he must be detained and is not entitled to a bond hearing.  If he is

not an "applicant for admission" and "seeking admission" under § 1225, then Petitioner falls within the confines of § 1226(a), which would entitle him to a bond hearing and potentially release.

For many years, Immigration Judges applying the INA provided bond hearings for aliens who had entered the country without inspection and were later apprehended and detained by ICE. *See Jonathan Javier Yajure Hurtado*, 29 I. & N. Dec. 216, 225 n.6 (BIA 2025) ("*Hurtado*"). But on September 5, 2025, the Board of Immigration Appeals ("BIA") determined that an immigration judge does not have authority to hear a request for bond by an alien present in the United States who has not been admitted after inspection because the alien was "subject to mandatory detention" under § 1225. *Id.* at 229. This change in interpretation of the INA has led to a nationwide influx of habeas corpus petitions seeking bond hearings for aliens who were recently detained after living for years in the United States without inspection.

## II.    Factual Background

Petitioner, a citizen and national of the People's Republic of China, entered the United States on or about July 11, 2018. (Doc. 1, at 5; Doc. 10, at 14). Petitioner states he fled to the United States from China after being persecuted for his religious beliefs. (Doc. 1, at 5). On or about June 17, 2019, Petitioner filed a Form I-589 asylum application, seeking lawful residence in the United States. (*Id.*; Doc. 10, at 15). On or about August 8, 2019, the Department of Homeland Security instituted removal proceedings against Petitioner, alleging he was an alien present in the United States who had not been admitted or paroled. (*See* Doc. 1, at 5; Doc. 10, at 15).

An immigration judge denied the asylum application on December 13, 2024, and ordered Petitioner removed to China.  (Doc. 1, at 5; Doc. 10, at 15; Doc. 12, at 16). Petitioner appealed this decision to the BIA on January 8, 2025, and the appeal remains pending.  (Doc. 1, at 5; Doc. 10, at 15).

In December of 2025, ICE detained Petitioner following a traffic stop in Watonga, Oklahoma.  (Doc. 10, at 15; Doc. 1, at 5).  Respondents assert that Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(2).  (Doc. 10, at 8).  Petitioner asserts that "§ 1226 governs [his] detention, entitling [him] to a bond hearing."  (Doc. 1, at 6).  Petitioner's removal proceeding is ongoing.[4]  (*See id.*)

### III.    Petitioner's Claims and Respondents' Responses

In Count I, Petitioner contends his detention violates his Fifth Amendment right to due process.  (*Id.* at 7-8).  Petitioner states that the pending appeal of his asylum application means he cannot be removed to China, and "there is no realistic prospect of removal to any third country in the reasonably foreseeable future."  (*Id.* at 8).  According to Petitioner, his "detention is unreasonable, indefinite, and punitive" and therefore violates his due process rights.  (*Id.*)   In Count II, Petitioner alleges a violation of the INA, arguing that the mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to those who

---

[4] Respondents state that "[l]aw enforcement determined Petitioner had a final order of removal."  (Doc. 10, at 15) (citing *id.* at Ex. 3, at 2).  Law enforcement was incorrect. Petitioner's order of removal will not become final until the BIA rules against him on his appeal from the immigration judge's denial of his asylum application and order of removal. *See Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1144 (10th Cir. 2007) ("An order of [removal] becomes 'final' when (1) the BIA affirms the order on appeal, or (2) the period for seeking BIA review has expired.").

previously entered the country and have been residing in the United States – in his case for seven years – prior to being apprehended and placed in removal proceedings by Respondents. (*Id.* at 8-11). According to Petitioner, he is instead detained under 8 U.S.C. § 1226(a). (*Id.* at 11). In Count III, Petitioner requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[5] (*Id.* at 12). Petitioner seeks various relief, including that this Court order "Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner." (*Id.* at 12).

Respondents contend that Petitioner's due process argument is meritless. (Doc. 10, at 17-20). Respondents also contend that Petitioner's statutory claim is jurisdictionally barred and, regardless, Petitioner is properly detained under 8 U.S.C. § 1225(b)(2). (*Id.* at 20-32).

## IV.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[5] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Accordingly, the Court need not address this request at this juncture.

## V.    Analysis

### A.    The Court Has Jurisdiction To Consider the Petition.

Respondents first argue this Court lacks jurisdiction to consider Petitioner's claims, based on 8 U.S.C. §§ 1252(g) and 1252(b)(9). (Doc. 10, at 20-23). However, Judges of this District have consistently ruled the INA "does not jurisdictionally bar" a habeas claim like Petitioner's because such a claim does not arise from and "does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders." *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025); *see also Gonzalez Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) (same); *Alvarado Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *4-5 (W.D. Okla. Dec. 26, 2025) (same); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025) (same); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *2 (W.D. Okla. Dec. 8, 2025) (same); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("Although respondents have not objected to [the magistrate judge's] recommendation that the court has jurisdiction to consider the petition, the court nonetheless substantially agrees with her analysis."). *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (expressing "grave doubts over whether it has subject matter jurisdiction" but assuming it had jurisdiction to proceed to the merits). The undersigned agrees with the majority of Judges of this District in finding that jurisdiction exists to consider Petitioner's habeas challenge to detention.

**B.**   **The Undersigned Agrees With the Majority of this District Court and District Courts Nationwide that the Detention of Aliens Like Petitioner is Governed by § 1226(a).**

Petitioner argues that 8 U.S.C. § 1225(b)(2)(A) does not apply to him because he is "a noncitizen who has lived in the United States for 7 years and was not apprehended at or near the border" and he was not "seeking admission" at the time he was detained." (Doc. 1, at 6). According to Petitioner, his continued detention under § 1225(b)(2) is unlawful and he is entitled to a bond hearing under § 1226(a). (*Id.*)

Respondents contend that because Petitioner did not enter the country lawfully and has not departed, he is still considered an "applicant for admission" who is "seeking admission" and therefore he is properly detained under § 1225(b)(2). (Doc. 10, at 23-32). According to Respondents, "every 'applicant for admission' is inherently and necessarily 'seeking admission.'" (*Id*. at 26).

The undersigned agrees with Petitioner. Indeed, the undersigned has issued more than twenty Reports and Recommendations setting forth a detailed analysis of the statutory text and legislative history of § 1225 and § 1226, a discussion of the BIA's application of the statutes for the past three decades, and comparison to the reasoning of numerous recent cases from both within and outside this District that have considered the same issues. Following this analysis, the undersigned has consistently concluded that aliens who were recently detained by ICE after living for years in the United States without inspection fall within the confines of § 1226(a), and not § 1225(b)(2)(A), and are thus entitled to a bond hearing.

7

The undersigned's Reports and Recommendations have been repeatedly adopted by Chief Judge DeGiusti, Judge Palk, Judge Jones, Judge Russell, and Judge Heaton, and habeas relief has been granted to the petitioners. *See Damian v. Jones*, No. CIV-25-1561-J, 2026 WL 446295 (W.D. Okla. Feb. 17, 2026); *Li*, 2026 WL 147438; *Gonzalez Cortes*, 2026 WL 147435; *Valdez*, 2025 WL 3709021; *Colin*, 2025 WL 3645176. These adoptions join the Judges' consistent rulings in a growing number of habeas challenges in the Western District of Oklahoma that § 1226(a) governs the detention of petitioners who were apprehended and placed in removal proceedings when they had already been residing in the country. Indeed, several Judges in this District have found that because the text of § 1225(b)(2)(A) was "unambiguous" in support of the petitioner's interpretation, the Judges did not need to address the statute's title, legislative purpose and history, or historical interpretation. *Morocho v. Kelly*, No. CIV-25-1247-R, 2026 WL 36452, at *3 n.1 (W.D. Okla. Jan. 6, 2026); *Valdez*, 2025 WL 3709021, at *3 n.1; *Escarcega v. Olson*, No. CIV-25-1129-J, 2025 WL 3243438, at *3 (W.D. Okla. Nov. 20, 2025). Judge Jones noted that "even if the Court did find § 1225(b)(2)(A) ambiguous, the section's legislative purpose and historical interpretations do not support Respondents' position." *Escarcega*, 2025 WL 3243438, at *3 n.5 (citation modified). Judge Palk found the plain language, legislative history, and past practices all support a finding that "Petitioner's detention is not governed by §1225(b)(2)." *Gonzalez Cortes*, 2026 WL 147435, at *7.

Significant to the instant case, Judges in this District have held that an alien's application for asylum does not render him subject to §1225(b)(2)(A). *See, e.g.*, *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026) (rejecting

8

Respondents' argument that Petitioner is seeking admission and § 1225(b)(2) therefore applies because he filed a Form I-589 asylum application during his removal proceedings); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (concluding "a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner"); *Li*, 2026 WL 147438, at *1 (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum").

Other district courts in the Tenth Circuit have routinely applied § 1226(a) in recent habeas challenges akin to Petitioner's. *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 25-CV-1150, 2026 WL 125184, at *10 (D. Utah Jan. 16, 2026) (holding petitioner's detention is governed by § 1226(a) and not § 1225(b)(2)); *Leonardo G.Z. v. Noem*, No. 25-CV-600, 2025 WL 3755590, at *10 (N.D. Okla. Dec. 29, 2025) (applying § 1226(a) after "having independently considered the plain language of § 1225(b)(2)(A) in the context of § 1225's overall structure and the broader statutory framework governing pre-removal detention of noncitizens"); *Cruz Valera v. Baltazar*, No. 25-CV-3744, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 25-cv-1031, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025).

More generally, an "overwhelming, lopsided majority" of district courts around the country have applied § 1226(a) to govern detention for aliens like Petitioner. *Mercado v. Francis*, --- F. Supp. 3d ---, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting the contrary interpretation of § 1225 and § 1226 "has been challenged in at least 362 cases in federal district court" and "challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty

9

different courts spread across the United States"); *see also Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) ("[O]f the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here."); *Balderas v. Olson*, --- F. Supp. 3d ---, No. 25 C 12749, 2025 WL 3210422, at *1 (N.D. Ill. Nov. 17, 2025) ("This case is similar to hundreds of cases across the country, and nearly all district judges have determined that the government's novel interpretation of the immigration detention statute is contrary to its plain language and inconsistent with binding precedent. This Court now joins the chorus of decisions granting a bond hearing to a detainee who had previously been present and living in the United States—a right guaranteed by statute and the Constitution.").

The Seventh Circuit Court of Appeals has weighed in on this issue.  The court ruled on a motion to stay pending appeal that based on a "preliminary record" the respondents "are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061-62 (7th Cir. 2025).  The Seventh Circuit reasoned that

> § 1225(a)(1) defines an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1).  And while a noncitizen arrested in the Midwest might qualify as "an alien present in the United States who had not been admitted," § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an "applicant for admission" who is "seeking admission," § 1225(b)(2)(A).

*Id*. at 1061.  Judges in this District have found the Seventh Circuit's analysis to be

10

persuasive. *Maldonado v. Noem*, No. CIV-25-1379-J, 2026 WL 160950, at *1 (W.D. Okla. Jan. 21, 2026); *Valdez*, 2025 WL 3709021, at *2; *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *2 (W.D. Okla. Jan. 23, 2026) (noting this Court's decision to apply § 1226 to a similarly situated petitioner "is in accord" with the Seventh Circuit).

In contrast, Judge Dishman and Judge Wyrick in this District have adopted Respondents' position that aliens like Petitioner fall under § 1225(b)(2)(A) despite residing in the United States at the time of their apprehension by ICE. *See Gutierrez Sosa*, 2026 WL 36344; *Alvarado Montoya*, 2025 WL 3733302. Respondents further cite cases from across the country in which district judges have done the same. (*See* Doc. 10, *passim*). Additionally, the Fifth Circuit Court of Appeals recently applied § 1225 to a similar habeas challenge, agreeing with Respondents' position based on "the relevant provisions and structure of the [INA], the statutory history, and Congressional intent." *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The undersigned respectfully disagrees with the textual analysis and statutory interpretations by these courts. Notably, several Judges in this District have expressly acknowledged the Fifth Circuit ruling but have not altered their analysis. *See Campa v. Johnson*, No. CIV-26-1-HE, 2026 WL 446978, at *1 (W.D. Okla. Feb. 17, 2026) ("The 2-1 decision in *Buenrostro-Mendez* makes clear that strong arguments support both statutory readings of the parties. The court, however, remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district and the Seventh Circuit Court of Appeals in *Castanon-Nava*."); *Jose-De-Jose v. Noem*, No. CIV-25-1454-SLP, 2026 WL 360045, at *4 (W.D. Okla. Feb. 9, 2026) (granting habeas relief despite contrary authority in Western District of Oklahoma

11

and Fifth Circuit); *Damian*, 2026 WL 446295, at *4 (same).

Accordingly, the undersigned recommends that the Court apply § 1226(a) to govern the instant Petitioner's current detention and thus recommends the Petition be granted in part and Respondents ordered to provide Petitioner with a prompt individualized bond hearing before a neutral immigration judge.

**C.      The Court Should Decline to Address Petitioner's Due Process Claim.**

Petitioner also argues that his detention without a bond hearing violates the Fifth Amendment's Due Process Clause.  (Doc. 1, at 7-8).  If the Court grants Petitioner's requested relief for a bond re-determination hearing under § 1226(a), the undersigned recommends that the Court follow an approach of other district courts and decline to decide the merits of the due process claim, and allow Petitioner to renew it if Respondents do not provide him with a bond hearing or release him within the ordered time.  *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025) ("The Court will decline to decide the merits of [petitioner's] due process claim given that the Court will grant the relief he seeks based on its interpretation of the applicability of § 1226(a)."); *see also Jimenez Garcia v. Raybon*, No. 2:25-cv-13086, 2025 WL 2976950, at *4 (E.D. Mich. Oct. 21, 2025) (declining to analyze remaining claims); *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV-ALTONAGA, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025) (citing *Pizarro Reyes* and declining to decide the merits of petitioner's due process claim).

12

**VI.    Recommendation and Notice of Right to Object**

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part.**  The undersigned recommends that the Court order Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.  The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within ten days of the Court's order.

**The Court advises the parties of their right to object to this Report and Recommendation by March 19, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[6]  The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

---

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.  *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

**ENTERED** this 12th day of March, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE