**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TIANQIANG HUANG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-26-227-SLP |
| PAMELA JO BONDI, et al., | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

Petitioner Tianqiang Huang, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and Recommendation [Doc. No. 16] (R&R) of United States Magistrate Judge Amanda L. Maxfield.  The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 17] to which Petitioner responded [Doc. No. 21] and the matter is at issue.  The Court reviews de novo any portion of the R&R to which Respondents have made specific objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

Petitioner, a citizen of the People's Republic of China, entered the United States on or about July 11, 2018.   On or about June 17, 2019, Petitioner filed an application for asylum.  On or about August 8, 2019, he was placed into removal proceedings by U.S. Immigration and Customs Enforcement (ICE).  An Immigration Judge (IJ) denied the

asylum application on December 13, 2024, and ordered Petitioner removed to China. Petitioner appealed this ruling to the BIA on January 8, 2025, and the appeal is pending.

 In December 2025, ICE apprehended Petitioner during a traffic stop.  As set forth in the R&R, Petitioner has been held without bond because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds that those who entered the United States without admission or parole are ineligible for a bond hearing.  R&R [Doc. No. 16] at 3.  Petitioner remains detained at Cimarron Correctional Facility in Cushing, Oklahoma.[1]

On February 9, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act, a violation of his due process rights under the Fifth Amendment to the United States Constitution, and a violation of the Equal Access to Justice Act (EAJA).  R&R [Doc. No. 16] at 4–5; Pet. [Doc. No. 1].   Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or, in the alternative, release from custody.

The Magistrate Judge issued a thorough and well-reasoned R&R and concluded that habeas relief should be granted, in part.  As an initial matter, the Magistrate Judge found that 8 U.S.C. § 1252(g) is not a jurisdictional bar to this Court's review of the claims asserted by Petitioner.  The Magistrate Judge then recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond

---

[1] See ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited March 30, 2026).

hearing under § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period. The Magistrate Judge also recommended that the Court order Respondents to certify compliance by filing a status report within ten days of the Court's Order. Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claim his claim under the EAJA.[2]

Respondents object to the R&R, arguing that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A). The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues. In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district,[3] in district courts within the Tenth Circuit[4]

---

[2] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's due process or EAJA claims and the Court concurs with that recommendation.

[3] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

[4] *See, e.g., Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

and across the country[5] to have addressed the same issues as those raised by Petitioner.[6] The Court's decision is also in accord with the Seventh Circuit, which rejected the statutory interpretation of §1225(b)(2) as urged by Respondents. *See Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --- F.4th ---, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART as follows:

1.    Petitioner's claim for violation of the Immigration Nationality Act is GRANTED. Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2.    Petitioner's due process and EAJA claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Respondents shall certify their compliance with this Order by filing a status report within ten (10) days of this Order. The status report

---

[5] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

[6] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

shall detail whether Petitioner was provided a bond hearing or has been released, including the associated dates with either action.

A separate judgment shall be entered.

IT IS SO ORDERED this 30th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE